WEST ELECTRIC HAIR CURLER CO. v. HAMILTON CORPORATION.

(City Court of New York, Special Term. December 22, 1914.)

1. COURTS (§ 189\*)—INFERIOR COURTS—COMMERCIAL CALENDAR—TRIAL.

Counsel in a case noticed for the commercial calendar established by the City Court of the city of New York for the speedy disposition of litigation must be prepared to try the case on the following day, or present by affidavit adequate excuse for adjournment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.\*]

2. COURTS (§ 189\*)—INFERIOR COURTS—CITY COURT OF CITY OF NEW YORK—DEFAULT—VACATION.

Where notice of the noticing of a case for trial on the commercial calendar on a designated date was duly given, and the case appeared on the calendar for trial on the following day, and counsel for defendant did not appear for trial or submit any reason for adjournment, a default judgment, followed by execution and levy, should not be set aside, except on adequate terms, unless reasonable excuse is presented for the default.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.\*]

3. COURTS (§ 189\*)—INFERIOR COURTS—CITY COURT OF CITY OF NEW YORK—DEFAULT—VACATION.

Where a case noticed for trial on the commercial calendar of the City Court of the City of New York was dismissed, only a strong showing of excuse will justify the restoration of the case to the calendar, and a case will not be restored by consent.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.\*]

4. COURTS (§ 189\*)—INFERIOR COURTS—CITY COURT OF CITY OF NEW YORK—DEFAULT—VACATION.

A judgment by default by the City Court of the City of New York in a case placed on the commercial calendar, followed by execution and

levy, will not be set aside, in the absence of reasonable excuse for the default, unless defendant will pay taxable costs and disbursements, costs of the motion, give a bond to secure payment of any judgment recovered by plaintiff, and pay the sheriff's fees and poundage under the execution and levy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Action by the West Electric Hair Curler Company against the Hamilton Corporation. On motion to set aside a judgment for plaintiff taken by default on the commercial calendar of the City Court of the City of New York. Conditionally granted.

John Hall Jones, of New York City, for the motion.
Morris Meyers, of New York City, opposed.

RANSOM, J. The commercial calendar was established by the justices of this court in order to give opportunity for the speedy trial of causes, in which it was felt that, to a peculiar degree, delay of determination means denial of justice. Provision was made for the setting aside of two trial parts of this court exclusively for the trial of actions coming within the category of those specified in the amended rule. Rule 2, City Court Rules. Attorneys should familiarize themselves with the status and progress of cases on this special calendar, and the practice which has so far developed concerning it. This commercial calendar has now been in operation since November 2, 1914, and it has proved to provide a forum in which commercial causes may, as was intended by the sponsors for the plan, be tried and disposed of within a few weeks after the cause of action arises. Instances are multiplying of causes which have been tried, judgments obtained, and execution satisfied, within a month from the service of the summons and complaint. Cases are commonly reached for trial within one, two, or three days after they are placed on the commercial calendar.

[1] Counsel in a case noticed for the commercial calendar must be prepared to try the case on the following day, or present by affidavit adequate legal excuse for adjournment. Only a minimum adjournment will ordinarily be allowed for any reason. Counsel failing to comply with this rule of readiness, in the absence of legal excuse, should be prepared to accept the consequences of their default. Conditions created by a default on either side will be dealt with in whatever manner seems best to promote the interests of substantial and speedy justice. In the case at bar the case was noticed for trial on the commercial calendar on December 14, 1914. Notice to this effect was duly served on December 9, 1914. The case appeared on the calendar for trial on December 15, 1914, but counsel for the defendant did not appear for trial or submit any reason for adjournment. An inquest was accordingly taken by the justice presiding, judgment entered, execution issued, and a levy thereunder made. The defendant now applied for the opening of this default and the restoration of the case to the calendar for trial.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2, 3] This should not be done, except upon adequate terms. No reasonable excuse was presented or is now presented for the defendant's default. Murrell v. Graziade, 130 N. Y. Supp. 140. Diligence in preparing for immediate trial is the mutual obligation of counsel on both sides as to cases placed upon this commercial calendar. Litigants and members of the bar have long desired a prompt determination of these causes, in which dilatory defenses have been so common. Now that this is accorded, counsel must co-operate with the court in promptly clearing this calendar of causes placed upon it. The privileges of this calendar are for the diligent and the vigilant, not for the dilatory or the neglectful. Plaintiffs are entitled to one opportunity to try their cases on this calendar, and are entitled to require defendants to try the same when reached, unless legal reason for adjournment can be shown; and only a strong showing of especial excuse will justify the restoration to the commercial calendar of a case once dismissed from that calendar. Cases will not be restored by consent. Defendants likewise may not gain delay through permitting inquests to be taken against them, and then moving later to open the default. Terms will be imposed as a condition of opening the default of a defendant, in the absence of proof that the justice presiding ignored affidavits which presented a legal reason for postponement.

[4] The motion to open the default and set aside the judgment will be granted on condition that the defendant, within five days from date: (1) Pay all taxable costs and disbursements to date; (2) pay $10 costs of this motion; (3) furnish a bond, with acceptable sureties, to secure the payment of any judgment recovered by the plaintiff; and (4) pay the sheriff's fees and poundage under the execution and levy outstanding. Otherwise, the motion is denied, with $10 costs.

Submit order providing for the restoration of the case for trial on the commercial calendar on December 28, 1914.